UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JULIUS CLARK-WILLIS #726262,　　　　　　Case No. 2:18-cv-0007

　　　　　Plaintiff,　　　　　　　　　　　　　Hon. Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge
　v.

MICHAEL LAITINEN,

　　　　　Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.　　Introduction

State prisoner Julius Clark-Willis filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 23, 2018. Clark-Willis says that, after he was transferred to Marquette Branch Prison (MBP) from Ionia Correctional Facility (ICF) in 2017, the Defendant retaliated against him and interfered with his mail because Clark-Willis filed grievances, in violation of the First Amendment.

The only remaining Defendant in the case is Assistant Resident Unit Manager Michael Laitinen.

This report and recommendation addresses Laitinen's motion for summary judgment. Laitinen filed this motion on January 22, 2020. (ECF No. 35, PageID.265.) He argues that he is entitled to summary judgment because:

- Clark-Willis failed to establish his First Amendment retaliation claim against him;

1

- Clark-Willis failed to establish his First Amendment access-to-courts claim by showing that he suffered an actual injury;

- any claims against Laitinen in his official capacity that seek monetary damages are barred by the doctrine of sovereign immunity, and those claims are moot because he was transferred to a different institution;

- any claims against Laitinen in his individual capacity are barred by the doctrine of qualified immunity due to Clark-Willis's failure to show that Laitinen violated Clark-Willis's clearly established constitutional rights and to allege any claims against Laitinen in his personal capacity.

(ECF No. 36, PageID.267.) Despite the Court ordering Clark-Willis to respond to Laitinen's motion by March 10, 2020 (ECF No. 39, PageID.358), he has failed to do so.[1]

The undersigned respectfully recommends that the Court dismiss this case for the following reasons. First, Clark-Willis's official capacity claims against Latinen

---

[1] The undersigned notes that pro se litigants, like Clark-Willis, are "entitled to notice of the consequences of a summary judgment motion and the requirements of the summary judgment rule." *United States v. Ninety-Three (93) Firearms*, 330 F.3d 414, 427 (6th Cir. 2003) (footnote omitted); *see Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988) (adopting rule that pro se prisoners, but not nonprisoner pro se litigants, should receive special notice at summary judgment). On January 27, 2020, after Latinen's motion for summary judgment was filed, the Court held a status conference where Clark-Willis informed on the record that the motion was intended to eliminate his only remaining claim. (ECF No. 39, PageID.358.) When asked how long Clark-Willis might need to respond to the motion, he was not able to provide a specific amount of time because he would be working with a legal writer to assist him. After which, the Court ordered that Clark-Willis had six weeks from the date of the hearing to prepare a response to Latinen's motion. (*Id.*; ECF No. 39, PageID.358.) Therefore, Clark-Willis was provided the notice he was entitled to under *Brock*, 840 F.2d at 343.

*for money damages* are barred by the Eleventh Amendment. Second, Clark-Willis's request for prospective injunctive relief is moot because he has moved to another prison, thus eliminating the possibility that Clark-Willis's claim falls within the *Ex Parte Young* exception to sovereign immunity under the Eleventh Amendment. And, third, Clark-Willis has failed to sue Latinen in his personal (or individual) capacity.

## II.     Additional Relevant Procedural History

On January 23, 2018, Clark-Willis filed this action in federal court. (ECF No. 1, PageID.1.) Clark-Willis's complaint named 16 Defendants who were employed at Marquette Branch Prison (MBP), one Defendant who was employed by the Michigan Department of Corrections (MDOC) in Lansing, and nine Defendant who were employed at Ionia Correctional Facility (ICF). (*Id.*, PageID.2-3.) Latinen was identified as one of the Defendants employed at MBP.

Clark-Willis's complaint specifically stated that he was suing all Defendants in their official capacities. (*Id.*)

Clark-Willis's complaint sought multiple forms of relief from all Defendants. Included in his list of requested relief were requests for injunctive relief and money damages. (*Id.*, PageID.10.)

On July 6, 2018, the Court issued a screening opinion and order that dismissed 22 of the Defendants because Clark-Willis failed to state a claim against them. (ECF No. 12, PageID.121; ECF No. 13, PageID.139.) After the issuance of the screening opinion, Defendants Viitala, Laitinen, Nadeau, and Watkins remained in the case.

3

On July 20, 2018, Clark-Willis filed a motion to amend or correct his complaint. (ECF No. 14, PageID.142.) Essentially, Clark-Willis sought to reinstate all the claims dismissed by the Court's screening opinion and order. Significantly, Clark-Willis did not indicate that he wished to change or amend his complaint to sue some or all of the remaining Defendants in their individual or personal capacity. On August 8, 2018, the Court denied the motion. (ECF No. 15, PageID.145.)

On December 21, 2018, the four remaining Defendants filed a motion for summary judgment that argued that Clark-Willis failed to properly exhaust his claims against them. (ECF No. 21, PageID.155; ECF No. 22, PageID.157.) The Defendants conceded, however, that Clark-Willis did exhaust his retaliation and mail interference claims against Laitinen. Clark-Willis failed to respond to Defendant's motion.

On June 4, 2019, the Court issued a report and recommendation that recommended that the Court dismiss all of Clark-Willis's remaining claims, except for his retaliation and mail interference claims against Laitinen. (ECF No. 25, PageID.234.) No objections were filed. On July 12, 2019, the Court approved and adopted the report and recommendation. (ECF No. 26, PageID.245.) The Court noted that "[t]he case will continue on Plaintiff's claim that Defendant Laitinen retaliated and interfered with Plaintiff's mail by denying him postage loans on October 9, 2017." (*Id.*, PageID.246.)

On December 2, 2019, Clark-Willis was deposed by counsel for Defendant Latinen. (ECF No. 36-2, PageID.294.) Clark-Willis testified that he intended to

4

amend his complaint to state a claim against Latinen in his individual capacity. (Id., PageID.300.) A review of the record indicates that Clark-Willis has not sought to amend his complaint.

### III. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### IV. Claims Against Latinen in his Official Capacity

Clark-Willis's complaint explicitly states that he is suing Latinen in his official capacity. (ECF No. 1, PageID.2.) Latinen asks the Court to dismiss Clark-Willis's official-capacity claims.

5

The Supreme Court has held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

> A suit against a state official in his or her official capacity for damages cannot be maintained pursuant to § 1983 because that official has Eleventh Amendment immunity. This is true because "a suit against a state official in her or her official capacity is not a suit against the official but rather is a suit against the official's office." As such, a suit against a state official in his or her official capacity is no different than a suit against the state.

*Clark v. Chillicothe Corr. Inst.*, No. 2:19-CV-954, 2020 WL 1227224, at *3 (S.D. Ohio Mar. 13, 2020) (citations omitted).

The Sixth Circuit, in interpreting *Will*, has held "that plaintiffs seeking damages under § 1983 [must] set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials. *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). Here, Clark-Willis seeks money damages, costs and fees from Latinen in his official capacity. This part of Clark-Willis's suit is barred by the Eleventh Amendment.

A Plaintiff may still sue a state official in his official capacity in limited circumstances. "There are three exceptions to a State's sovereign immunity: (a) when the State has consented to suit; (b) when the exception first set forth in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies; and (c) when Congress has properly abrogated a State's immunity." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008); *see Abick v Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)

(holding that the State of Michigan has not consented to suit). Only the second exception is potentially at issue here.

"Under the *Ex parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law." *Id.*; *Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) ("In order to fall within the *Ex parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law. . . Retroactive relief is barred by the Eleventh Amendment"). Here, Clark-Willis requested multiple forms of injunctive relief.[2] The undersigned, however, concludes that all of these requests for injunctive

---

[2]   Clark-Willis requested the following:

V Relief
- Grant the Plaintiff a restraining order on each of the Defendants which he has name in this lawsuit. To protect him from future retaliation
- Order the MDOC to amend the prisoner mail policy to where they are making photocopies of all incoming envelopes before discarding of the envelope. So that prisoners can receive their sender's return information.
- Order injunction/disciplinary action on all the prison officials who retaliated against the Plaintiff in these matter
- Order that the MDOC's Administrative Department find a way that prisoners who are on STG status are able to use the other mail option on the kiosk computer and download their messages and pictures on their players
- Order that the Plaintiff be transferred to a facility where his safety needs can be met, and that the prisoners who can be be an threat to the Plaintiff, be labeled as an span in his prison file
- Order that Plaintiff be granted 175 thousand dollar in compensatory damages and 175 thousand dollars for punitive damages for retaliation he received for exercising his First Amendment rights.
- Order that Plaintiff be granted 70 thousand dollars in compensatory damages for his mail being mishandled and given to another prisoner without his approval
- Order that Plaintiff be granted 40 thousand dollar in compensatory damages for his incoming envelopes being discarded of owen him no opportunity to correspond to the sender of the letters due to him not having their address.

(ECF No. 1, PageID.10.)

7

relief either (1) are beyond the scope of this Court's authority, or (2) became moot when Clark-Willis was moved to another prison.[3] *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996) (holding that a prisoner's claims, to the extent the claims request declaratory and injunctive relief, became moot when the prisoner was no longer confined in the institution where the claims arose); *Meachum v. Fano*, 427 U.S. 215, 229 (1976) (noting that "[t]he federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States"). Therefore, the undersigned concludes that all Clark-Willis's claims, to the extent they request declaratory and injunctive relief, are moot.

Accordingly, the undersigned recommends dismissal of Clark-Willis's claims against Latinen in Latinen's official capacity.

### V. Claims Against Latinen Personal Capacity

Clark-Willis has also failed to state a claim against Latinen in his personal capacity. The Sixth Circuit requires § 1983 plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply their capacity as state officials." *Wells v. Brown,* 891 F.2d 591, 593 (6th Cir. 1989). Where no explicit statement appears in the pleadings, district courts must use a "course of proceedings" test to determine whether the § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable.

---

[3] According to the MDOC's Offender Tracking Information System, Clark-Willis is currently confined at the Carson City Correctional facility. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=726262 (last visited June 4, 2020).

*See Moore v. City of Harriman,* 272 F.3d 769, 772 (6th Cir. 2001) (en banc) ("When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings to determine whether *Wells*' . . . concern about notice has been satisfied"). Under "course of proceedings" test, the district court must consider the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims for qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability. *Id.* at 772 n.1. The trial court should also consider whether subsequent pleadings put the defendant on notice of the capacity in which he is being sued. *Id.* "A request for monetary damages in a complaint, standing alone, is not sufficient to put a defendant on notice of his personal liability." *Muse v. Harper*, No. 3:15-CV-00615, 2017 WL 3633746, at *3 (M.D. Tenn. Aug. 4, 2017), *report and recommendation adopted,* No. 3:15-CV-00615, 2017 WL 3623745 (M.D. Tenn. Aug. 23, 2017) (citing *Shepard v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002)).

In this case, Clark-Willis's complaint explicitly states that he is suing Latinen in his official capacity. (ECF No. 1, PageID.2.) The undersigned, however, understands that Clark-Willis is not an attorney and may not have been aware of the significance of the official capacity versus personal/individual capacity distinction at the outset of his case. Accordingly, the undersigned will consider whether Defendant Latinen has been put on notice of claims against him in his personal/individual capacity based on the "course of proceedings" test. Clark-Willis's claim for money

9

damages (*see* ECF No. 1, PageID.10) favors a finding that Clark-Willis intended to sue Latinen in his personal capacity and that Latinen was aware of that possibility. However, as noted above, a request for money damages is not enough to put a defendant on notice of claims against him in his personal capacity. Here, later events tip the results of the "course of proceedings" test in Latinen's favor. In Clark-Willis's deposition in December 2019, Clark-Willis said that he understood the distinction between claims against Defendant in his official capacity and claims against Defendant in his personal capacity. (ECF No. 36-2, PageID.299-301.) In fact, the transcript of the deposition indicates that Clark-Willis intended to amend his complaint to indicate a claim against Latinen in his personal capacity. This section of the transcript is shown below.

```
 5   Q    It looks like if you go to "official and/or personal
 6        capacity" --
 7   A    It just says "official."
 8   Q    Official.
 9   A    Yeah, I have to amend it.
10   Q    So if the court were giving you permission to amend it, you
11        would amend it --
12   A    Yeah, I'll amend it.
13   Q    -- to say both?
14   A    Yup, I literally -- right here, I'm literally going through
15        that right now in another court.  In my other lawsuit, I
```

(*Id.*, PageID.300.)

Clark-Willis has not sought to amend his complaint even though he said he would do so. Thus, based on the "course of proceedings" test, the undersigned

10

concludes that Clark-Willis has not stated a claim against Latinen in his personal or individual capacity.

## VI. Recommendation

The undersigned respectfully recommends that the Court grant Latinen's motion for summary judgment and dismiss this case for the following reasons: (1) Clark-Willis's official-capacity claim against Latinen for money damages is barred by the Eleventh Amendment; (2) Clark-Willis's official-capacity claim against Latinen for prospective injunctive relief is also moot because he has moved to another prison, thus eliminating the possibility that Clark-Willis's claim falls within the *Ex Parte Young* exception to sovereign immunity under the Eleventh Amendment; and (3) Clark-Willis has failed to sue Latinen in his personal or individual capacity.[4]


Dated:  June 5, 2020                         /s/ *Maarten Vermaat*
                                             MAARTEN VERMAAT
                                             U. S. MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[4]   As an alternative to outright dismissal of the case, the Court may wish to consider giving Mr. Clark-Willis an opportunity to move to amend his complaint.  If the Court allows Clark-Willis this opportunity, the undersigned would further recommend providing Defendant Latinen with an opportunity to renew his motion for summary judgment at a later date.